# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SANTIAGO PINA GARCIA,<br><br>　　　　　Defendant. | No. CR05-4096-MWB<br><br>**DETENTION ORDER** |

　　　　This matter came on for detention hearing on September 1, 2005, followed by a supplemental hearing on September 6, 2005. At both hearings, Assistant U.S. Attorney John Lammers represented the plaintiff, and the defendant Santiago Pina Garcia ("Pina") was present in person with his attorney, Assistant Federal Defender Priscilla Forsyth. At the first hearing, the Government offered the testimony of Officer Mike Simons. Prior to the supplemental hearing, the defendant provided copies of some of his medical records for the court's review.

　　　　The court must determine whether any condition or combination of conditions will reasonably assure Pina's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Fortna*, 769 F.2d 243 (5th Cir. 1985), *cert. denied*, 479 U.S. 950, 107 S. Ct. 436 (mem.), 93 L. Ed. 2d 385 (1986); *United States v. Garcia*, 801 F. Supp. 258, 260 (S.D. Iowa 1992).

　　　　The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Pina as required and the safety of the community if

the court finds there is probable cause to believe Pina committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* This presumption is subject to rebuttal by Pina. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1)(C). The probable cause element of section 3142(e) which triggers the rebuttable presumption of risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992); *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988). A grand jury's indictment provides the probable cause required under 18 U.S.C. § 3142(e) to trigger the rebuttable presumption of risk of flight and danger to the community. *See United States v. Garcia*, 801 F. Supp. 258 (S.D. Iowa 1992) (citations omitted).

In the present case, the evidence indicates Pina has admitted to his involvement in distributing substantial quantities of methamphetamine for the past six to eight months. In addition, Pina has an extensive criminal history, including a federal escape conviction. Pina argues his current medical condition would prevent him from posing a flight risk. He was hospitalized for several weeks in late spring due to brain surgery, and he currently has a blood clot in his leg and other ongoing medical problems. He further argues his medical condition would prevent him from being a danger to the community if released.

The court agrees Pina's current condition would make flight extremely difficult, and finds Pina is not a flight risk. However, the evidence indicates Pina had no difficulty carrying on drug distribution activities despite his medical condition. Further, the Government's case against Pina appears to be quite strong. The court finds the evidence of Pina's medical condition fails to rebut the presumption that he would be a danger to the community. The presumption arises from the charge itself – a serious drug charge

involving the manufacture and distribution of a significant quantity of methamphetamine. *See United States v. Cox*, 635 F. Supp. 1047, 1055 (D. Kan. 1986) (citing *United States v. Fortna*, 769 F.2d 243, 247 (5th Cir. 1985); *United States v. Williams*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Daniels*, 622 F. Supp. 178, 179 (N.D. Ill. 1985); *United States v. Jones*, 614 F. Supp. 96, 97-98 (E.D. Pa. 1985)). Viewing the record as a whole, the court finds nothing to indicate Pina would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has failed to prove by a preponderance of the evidence that Pina is a flight risk, but has proved by clear and convincing evidence that Pina would be a danger to the community if released. Therefore, the court finds the following:

1. Pina is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Pina reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Pina to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a) Attach a copy of the release/detention order to the appeal;

    (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Pina must request such relief from the court.

6. The U.S. Marshal is on notice of Pina's serious medical problems and is directed to take appropriate action to address Pina's medical condition.

**IT IS SO ORDERED.**

**DATED** this 6th day of September, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT